IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

1:24-cv-202-RLY-CSW

LANCE WALTERS,           )
        Plaintiff,       )
                         )
V.                       )      CAUSE NO: ~~_____~~
                         )      (To Be Supplied by Clerk)
KERRY J. FORESTAL, et al,)
        Defendants       )
                         )

## PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTIVE RELIEF

Comes Now Lance Walters, proceeding pro se in this matter pursuant to Fed.R.C.P 65(b), and states as follows:

1) The Plaintiff is threatened with irreparable harm and is likely to continue suffering irreparable harm without preliminary relief.

2) The Plaintiff is likely to succeed on the merits.

3) The Balance of hardships favors the Defendants and Plaintiff in this case.

4) The TRO is in the best interest of the public.

WHEREFORE Plaintiff prays this Honorable Court GRANT the TRO and all other relief just and proper in the premises.

Respectfully Submitted

Lance Walters (11031)

1/24/2024

<u>Irreparable Harm</u>: The Marion County Sheriff and their food contractor Trinity Foods are not serving Kosher certified meals prepared according to my Jewish dietary laws Kashrut. The Government has imposed a substantial burden by subjecting Plaintiff to restriction of her free exercise of religion forcing her to eat non Kosher meals her sincerely held religious belief and religious exercise. I also state that I am not receiving adequate nutrition the vegan or diabetic trays being served to me are not Kosher and I am losing a substantial amount of weigh upon information and belief Trinity Food's should be serving me Kosher Certified entrees prepared according to the Jewish dietary laws Kashrut and I suffer irreparable harm because I'm not receiving tuna, Kosher fish, fresh produce and fresh fruits along with USDA Choice beef, veal, lamb and poultry. I am not receiving enough calories or nutrition given the limited food options that have been handled by non-Jewish individuals and not to compel any government interest. The First and Fourteenth Amendments entitle inmates to a reasonable opportunity to pursue their sincerely held religious beliefs.

See Gallagher v. Shelton, 587 F3d 1063, 1069 (10th Cir. 2009) Here the Defendants force me to violate my conscience by eating non clean foods. The 10th Circuit has held that a inmates right to free exercise of religion includes the right to a diet that conforms with their religious beliefs

The Plaintiff has been remanded to the IDOC since 9-21-2023 but the Sheriff refuses to transport Plaintiff to the Dept. of Corrections where I could practice my Jewish faith attend services, here I am denied religious services, as well as my diet. A prisoner's religious dietary practice is substantially burdened when the prison forces her to choose between her religious practice and adequate nutrition. The Plaintiff will suffer irrepairable harm without the Court entering a TRO because she is not receiving Kosher certified meals or receiving enough calories and losing a lot of weight so food deprived which is an emergency. The Constitutional violations have been occurring since 2020 when the Marion County Adult Detention Center opened and allowed Trinity Foods Services to not order Kosher certified meals or implement a no touch diet system where staff and inmates do not touch Kosher food. The jail is serving food that is cold and needs to be reheated, the meals are not Kosher certified, they are not pre-packaged. The Defendants refuse to provide me meals in compliance with Shabbat/Sabbath. Plaintiff she contends she tried to address the issues via grievance system but complaints were rejected even after medical LPN Desirre brought the matter to Trinity Foods Supervisors attention. It is an emergency for a TRO to be issued to prohibit further irrepairable harm to Plaintiff.

Likelyhood to succeed on the merits: The RLUIPA and RFRA contain similar provisions the Plaintiff claims under RLUIPA that she wishes to engage in a religious exercise to her Kosher diet that conforms with her religious belief which exercise is subject to a substantial burden by the government, the Defendants in this case. That Plaintiff will succeed on the merits.

<u>The Balance of Hardships favors the parties:</u>
The RFRA prohibits a government agency from restricting a persons free exercise of religion unless the restriction is one of general applicability and does not directly discriminate against religion, is essential to furthering a compelling government interest, and its application is the least restrictive means of furthing that Interest. By Defendants adhering to my Sincerely held religious beliefs would weigh heavily upon the Defendants by providing my Kosher diet and Provide me with Kosher certified meals. The Defendants provide Ramadan and accommodations to other exercises of religion, it would be business as usual to allow me to exercise my religion by their adherance to my sincerely held religious beliefs and the government always has a compelling interest by providing what constitutes as a reasonable opportunity is made in refference to legitimate penological objectives by implementing a no-touch diet system where staff and inmates do not touch Kosher food, and offer a variety of prepackaged Kosher certified meals, comply with the meal requirements for Shabbat/Sabbath and ensure that I receive enough Calories per day pursuant to the Courts entry of a TRO requiring the same relief.

The TRO is in the best interest of the public:
It is always in the best interest of the public when government officials and the Defendants uphold the U.S. Constitution and allow inmates to a reasonable opportunity to pursue their sincerely held religious beliefs and free exercise of religion. Free exercise of religion is always in the best interest of the public.

WHEREFORE, the Plaintiff Lance Walters respectfully moves this Honorable Court to enter a TRO that requires the Marion County Sherriff's Office and their contractor Trinity Foods Services (Group) to

Immedietly offer a variety of prepackaged Kosher certified meals to the Plaintiff and
Implement a no-touch diet system where staff and inmates do not touch Kosher food
Comply with the meal requirements for Shabbatt/Sabbath and ensure that she receives enough calories each day
Restrain Defendants from serving food prepared by non-Jewish staff that is cold and needs reheated
Order Defendants to be in compliance with TRO and Kosher dietary regulations and show cause why they are not in compliance with Jewish dietary laws.